**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Xue Jung LIN, Defendant–Appellant.**

No. 00–10035.

D.C. No. CR 99–00032–002.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 10, 2001.[1]

Decided April 4, 2001.

Before GOODWIN, GRABER, and
PAEZ, Circuit Judges.

## MEMORANDUM [2]

Lin appeals his conviction for alien smuggling under 8 U.S.C. § 1324(a)(1)(A)(i) and § 1324(a)(1)(B)(i). He argues that the district court abused its discretion by excluding from evidence the marine surveyor's record of the condition of the ships.

■ We review a district court's refusal to admit evidence for abuse of discretion. *United States v. Shirley*, 884 F.2d 1130, 1132 (9th Cir.1989). A district court abuses its discretion when it bases its decision on an erroneous view of the law or a clearly erroneous view of the facts. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).

Lin's argument that the district court abused its discretion by excluding Unterberg's surveys fails. The court has broad discretion to exclude evidence it believes is repetitive or "cumulative." Fed.R.Evid.

1. The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

403. *See also Hamling v. United States,* 418 U.S. 87, 127, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974) and *United States v. Chang,* 207 F.3d 1169, 1177 (9th Cir.2000).

Although there are some possible differences between Unterberg's survey and his oral testimony, the district court did not abuse its discretion in deciding that the survey was cumulative and, therefore, could be excluded. With the exception of the statements that the boats had been used for fishing recently, it seems that the surveys were interesting only in that they did not mention the poor state of the nets and lines and the waterproofing of the hull, not because they added other relevant information. Lin cross-examined Unterberg by referring to the surveys. As the court noted, Unterberg had read aloud to the jury the sections of the surveys on the use of the boat for fishing that arguably conflicted with his oral testimony. Unterberg explained the reason for his failing to record the poor state of the nets and lines and the waterproofing of the hull—the irrelevance of such information to his role as surveyor for the U.S. Marshal's Service. The surveys add only technical information about the boats, which likely would not aid the jury in its decision.

Accordingly, we AFFIRM the district court's judgment.